**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| DONG HUANG,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, *et al.*,<br><br>Defendants. | ) | Civil Action No. 1:22-cv-6 (PTG/TCB) |

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned on Plaintiff Dong Huang's ("Plaintiff") Motion for Default Judgment (Dkt. 8).[1] For the reasons stated below, the undersigned U.S. Magistrate Judge recommends that the Court deny Plaintiff's motion for default judgment.

I. BACKGROUND

**A. Procedural Posture**

Plaintiff filed this lawsuit seeking, among other things, the transfer of Defendant Domain Name to his possession after an unknown person transferred control of the domain name away from Plaintiff without his authorization. (*See generally* Dkt. 1.) Plaintiff filed his Verified Complaint on January 5, 2022, alleging (1) an *in rem claim* under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), (2) a claim under the Computer Fraud and Abuse Act, (3) a claim for declaratory judgment, (4) a violation of the Electronic Communications Privacy Act, (5) a claim for tortious interference with contractual relationship, (6) a claim for conversion, and

[1] The relevant filings before the undersigned include Plaintiff's Complaint ("Compl.") (Dkt. 1); and Plaintiff's Motion for Default Judgment ("Mot.") (Dkt. 8); and all attachments and exhibits submitted with those filings.

(7) an action to quiet title. (Compl. 6-11.) The Court granted Plaintiff's Motion for Service by Publication on January 6, 2022. (Dkt. 5.) When a representative for Defendant Domain Name <330.com> ("Defendant Domain Name") failed to appear or otherwise respond in this matter, Plaintiff requested the clerk's entry of default on January 31, 2022, which the Clerk entered on February 1, 2022. (Dkts. 6, 7.) That same day, Plaintiff filed the instant motion for default judgment and accompanying memorandum in support. (Dkts. 8, 9.) Plaintiff also noticed a hearing for the motion on Friday, February 18, 2022. (Dkt. 10.) A representative party for Defendant Domain Name failed to appear at the hearing, and the undersigned took the matter under advisement to issue this Report and Recommendation. (Dkt. 11.)

**B. Jurisdiction and Venue**

Before the Court can render default judgment against an Internet domain name pursuant to the ACPA, it must have (1) subject-matter jurisdiction, (2) *in rem* jurisdiction over the domain name, and (3) proper venue.

***First***, the undersigned finds that this Court has federal question subject-matter jurisdiction. Plaintiff brought this cause of action pursuant to the ACPA, a federal trademark statute. (*See* Compl. ¶ 8.) This Court therefore has original jurisdiction under 28 U.S.C. § 1331 (jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"), 15 U.S.C. § 1121(a) (jurisdiction over federal trademark actions), and 28 U.S.C. § 1338(a) (jurisdiction over "any Act of Congress relating to . . . trademarks").

***Second***, the undersigned finds that the Court has proper *in rem* jurisdiction over Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). (Compl. ¶ 8.) This subsection allows a plaintiff to file an *in rem* civil action against an Internet domain name if the plaintiff is unable to (1) "obtain *in personam* jurisdiction over a person who would have been a defendant in

a civil action"; or (2) find the person who would have been the defendant through due diligence. 15 U.S.C. § 1125(d)(2)(A)(ii)(I)-(II). Here, Plaintiff alleges that despite its due diligence, he was unable to identify a person who would have been a defendant in this matter. (Compl. ¶ 5.) Further, Plaintiff alleges that he was unable to find the identity of Defendant John Doe, the current registrant and owner of Defendant Domain Name, because WHOIS record contains no registrant name or address, as the owner is concealing their identity. (Compl. ¶ 5.) Despite Plaintiff's due diligence—including publishing and emailing notice of this action as directed by the Court—Plaintiff was still unable to identify the individual. (Dkt. 5.) Therefore, this Court has proper *in rem* jurisdiction over Defendant Domain Name pursuant to the ACPA.

***Third***, Plaintiff filed this lawsuit in the proper venue. Under 15 U.S.C. § 1125(d)(2)(C)(i), a domain name's "situs" is in the judicial district where "the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located." 15 U.S.C. § 1125(d)(2)(C)(i). Here, venue is proper because (1) the registry operator for <.com> domain name, VeriSign, Inc., is located within the Eastern District of Virginia, and (2) Defendant Domain Name is a <.com> domain name. (Compl. ¶ 6 ; Mem. Supp. at 3.)

**C. Service of Process**

Before the Court can render default judgment, it must be satisfied that the defaulting party has been properly served. Federal Rule of Civil Procedure 4(n)(1) allows a federal court to assert jurisdiction over property if a federal statute authorizes it. Fed. R. Civ. P. 4(n)(1). The Rule further provides that the defendant must be given notice of the lawsuit "as provided in the [federal] statute or by serving a summons under [Rule 4]." *Id.* Under the ACPA, a plaintiff filing an *in rem* action must serve the registrant of the allegedly infringing domain name. 15 U.S.C. § 1125(d)(2)(A)-(B). If a plaintiff is unable to find or obtain *in personam* jurisdiction over the

person who would have been the defendant, then the plaintiff can effect service of process by (1) sending notice of the alleged violation and intent to proceed *in rem* to the registrant of the domain name at the postal or e-mail address provided to the registrar; and (2) publishing notice as directed by the court. *Id.* § 1125(D)(2)(A)(ii)(aa)-(bb).

Here, Plaintiff has demonstrated proper service of process under the ACPA. On January 5, 2022, Plaintiff filed a Motion for Service by Publication as to All Defendants and accompanying memorandum. (Dkts. 2, 3.) Plaintiff's motion demonstrated its compliance with the first requirement under the statute. Specifically, Plaintiff's counsel attempted to email the current registrant of Defendant Domain Name using the email on file with the registrar of the domain names, notifying the registrant of this lawsuit and its intent to proceed *in rem*, and attaching a copy of the Complaint. (Dkt. 3-1.) Plaintiff did not send notice via mail, as the record included no physical address for Defendant Domain Name. (Dkt. 3 at 3.)

The next day, the Court granted Plaintiff's motion and ordered Plaintiff to publish the Order providing notice of this lawsuit to the registrant of Defendant Domain Name in *The Washington Times* once within fourteen (14) days of the Order. (Dkt. 5.) On January 31, 2022, Plaintiff filed a request for default judgment with accompanying declaration of Plaintiff's counsel, Jonathan Westreich, Esq. (Dkt. 6.) The declaration demonstrated that Plaintiff complied by publishing the Order in *The Washington Times* on January 10, 2022. (*Id.*)

The undersigned finds that Plaintiff fulfilled the steps under the ACPA and this Court's Order to effect service of process.

## II. <u>FINDINGS OF FACT</u>

Upon a full review of the pleadings and record in this case, the undersigned finds that Plaintiff has established the following facts. Plaintiff Dong Huang is a citizen if China and

resides at 412 Aing Yang District, Cheng Du Sichuan 610000, China. (Compl. ¶ 4.) Defendant John Doe is an unknown individual with possession of the Defendant Domain Name, <330.com>. (Compl. ¶ 4.) Defendant Domain Name is a <.com> domain name registered with Verisign, Inc., which is located at 21355 Ridgetop Circle, Lakeside III Dulles, Virginia 20166. (Compl. ¶ 6.)

Plaintiff registered Defendant Domain Name on November 6, 2018 with a renewal period extending to February 6, 2027. (Compl. ¶ 16; Decl. Huang ¶ 2.) Plaintiff "obtained Defendant Domain Name as part of his business involving the purchase and sale of domain names for profit making the domain name a fungible good of value which he uses in commerce." (Compl. ¶ 17; Decl. Huang ¶ 3.) Defendant Domain Name is valuable to Plaintiff and is worth around five hundred thousand dollars ($500,000.00). (Compl. ¶ 18; Decl. Huang ¶ 4.) Plaintiff, as registrar, controlled Defendant Domain Name through the address huangdong1910js@gmail.com. (Compl. ¶ 19; Decl. Huang ¶ 5.) The registrar account is maintained on a protected computer system, and account access is password protected. (Compl. ¶ 20; Decl. Huang ¶ 6.)

Defendant John Doe accessed Plaintiff's registrar account without authorization on or about November 12, 2021. (Compl. ¶ 21; Decl. Huang ¶ 7.) Using this unauthorized access, Defendant John Doe changed Defendant Domain Name's registration record, seizing title and control of <330.com>. (Compl. ¶ 25.) Defendant John Doe intends to sell Defendant Domain Name for profit. (Compl. ¶ 26.) Defendant John Doe may also harm Plaintiff by posting improper or illegal information on the webpage associated with Defendant Domain Name. (Compl. ¶¶ 35, 38.)

## III. Evaluation of Plaintiff's Complaint

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). Consequently, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (citations omitted).

Here, as discussed more below, Plaintiff seeks the transfer of Defendant Domain Name under the ACPA (Count I). The Complaint asserts six other claims against Defendant Domain Name, which Plaintiff requests that the Court dismiss without prejudice. The undersigned will therefore only evaluate Count I of the Complaint.

### A. Legal Standard

The ACPA provides for a party to be liable to a trademark owner if that party has a bad-faith intent to profit from the owner's mark and registers, traffics in, or uses a domain name that is identical, confusingly similar to, or dilutive of that mark. 15 U.S.C. § 1125(d)(1)(A); *see also Cent. Source LLC v. annualcreditreport.com*, No. 1:14-cv-304, 2014 WL 3811162, at *6 (E.D. Va. Aug. 1, 2014) (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001)). Accordingly, the ACPA allows the owner of a mark to bring an *in rem* proceeding against a domain name if it violates the owner's trademark rights and if the owner

satisfies the various procedural provisions discussed above. *See* 15 U.S.C. § 1125(d)(2)(A). In an *in rem* action, the remedies are limited to forfeiture, cancellation, or transfer of the infringing domain name to the owner of the mark. *Id.* § 1125(d)(2)(D).

To be entitled to relief, the plaintiff must prove a violation of "any right of the owner of a mark," which encompasses rights against cybersquatting. *Id.* § 1125(d)(2)(A); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 228, 232 (4th Cir. 2002). The owner of a mark may therefore be entitled to *in rem* relief upon proving a violation of § 1125(d)(1), which creates civil liability for registering, trafficking in, or using a domain name that is "identical or confusingly similar" to a plaintiff's famous and/or distinctive mark with a bad-faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). In sum, to allege an ACPA violation, a plaintiff must establish: (1) its ownership of a valid and protectable mark; (2) the registrant's use of a domain name that is "identical or confusingly similar" to the plaintiff's mark; and (3) the registrant's bad-faith intent to profit from the mark. *See id.*

**B. Analysis**

Plaintiff must first demonstrate that it has United States trademark rights in the mark <330.com>. Here, the undersigned finds that Plaintiff does not have a valid and protectable mark under common law in the United States.

As a preliminary matter, the Plaintiff has not registered <330.com> with the United States Patent and Trademark Office. The ACPA protects federally registered marks, and registration serves as *prima facie* evidence that a mark has acquired distinctiveness. *See* 15 U.S.C. § 1125(d)(2)(A)(i); *Am. Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001). The unregistered mark therefore receives no presumption of protection.

At common law, trademark ownership can be acquired "by actual use of the mark in a

given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). As such, "to establish a protected interest in an unregistered trademark, an owner must show that the mark is (1) used in commerce and (2) distinctive." *Tober v. APROV.COM*, No. 1:07cv1252 (LMB/TCB), 2008 WL 4364221, at *2 (E.D. Va. Sept. 23, 2008) (citing *International Bancorp v. Societe de Bains de Mer*, 329 F.3d 359, 364 (4th Cir. 2003)). "'[C]ommerce' is coterminous with that commerce that Congress may regulate under the Commerce Clause of the United States Constitution." *Id.*

Here, Plaintiff purchased the Defendant Domain Name on November 6, 2018 for a period of 9.326 years, lasting until February 6, 2027. Plaintiff purchased Defendant Domain Name <330.com> to utilize "the domain name a fungible good of value which he uses in commerce," and the Defendant Domain Name is an asset worth approximately $500,000. (Compl. ¶¶ 17, 18; Huang Decl. ¶¶ 3, 4.) Plaintiff's Complaint states no facts demonstrating how Plaintiff uses the mark to sell goods and services in the United States or in foreign trade. Plaintiff is not operating the website for any stated reason and merely describes Defendant Domain Name as an asset for future sale. *See Tober*, 2008 WL 4364221, at *9 ("[P]laintiffs fail to allege that they used the [mark] in any way other than as a domain name and website."). Mere ownership of the domain name does not amount to a common-law trademark right without "actual use" of the mark in commerce. *See id.; International Bancorp v. Societe de Bains de Mer*, 329 F.3d 359, 364 (4th Cir. 2003).

The Complaint further fails to assert any facts supporting why <330.com> (1) is currently distinctive or famous or (2) was a distinctive mark at the time of registration. (Compl. ¶¶ 30-37); *Cf. Almeida v. TabelaFipeBrasil.com*, No. 1:19-cv-1105, *report and recommendation adopted,* 2020 WL 3525822, (E.D. Va. Jan. 24, 2020) (finding a valid and protectable mark

where plaintiff asserted that the domain name was distinctive at the time of transfer and was used "in international commerce to provide a website featuring information about automobile, motorcycle, and truck makes, models, features, and sales information"). Plaintiff only states that Defendant Domain Name is valuable to Plaintiff because it is worth $50,000. This assertion is insufficient to establish any distinctiveness of the mark or to show why Plaintiff has priority in the mark.

**C. Conclusion**

Accordingly, even accepting Plaintiff's allegations of this use as true, the undersigned Magistrate Judge believes Plaintiff's ownership of the domain name for resale is insufficient to establish common law trademark rights. As such, Plaintiff failed to properly plead that they have rights in the <330.com> mark that are protected under 15 U.S.C. § 1125(c)(2)(A). The undersigned accordingly recommends that the Court deny Plaintiff's request for an order transferring the domain name and dismissing the action without prejudice.

## IV. REQUESTED RELIEF

Plaintiff requests that the Court (1) enter default judgment against Defendant Domain Name on Count I of Plaintiff's Complaint, (2) direct VeriSign, Inc. to transfer Defendant Domain Name to Plaintiff, and (3) dismiss Counts II to VII of the Complaint without prejudice.

The undersigned found above that Plaintiff failed to state a claim upon which relief can be granted under the ACPA (Count I). The undersigned recommends denying Plaintiff's motion for default judgment, thereby declining to enter default judgment in favor of Plaintiff and against Defendant Domain Name on Count I of Plaintiff's Complaint. Further, because Plaintiff failed to plead a claim upon which relief can be granted under the ACPA, the transfer ownership of Defendant Domain Name to Plaintiff is not justified.

## V. RECOMMENDATION

For the reasons stated above, the undersigned recommends that this Court (1) deny Plaintiff's motion for default judgment (Dkt. 8) without prejudice and (2) dismiss Counts I to VII without prejudice.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

March 10, 2022
Alexandria, Virginia